The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the prior Opinion and Award.
***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at and after the hearing before Deputy Commissioner Stephenson and in a Pre-Trial Agreement labeled Stipulated Exhibit #1
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 14 May 1997, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Key Benefit Services Incorporated is the carrier on risk.
4. On 14 May 1997, plaintiff sustained an injury at work while operating a forklift.
5. Plaintiff's medicals regarding this claim are admitted into evidence as Stipulated Exhibit #2.
6. Plaintiff's truck operator's license is admitted into evidence as Stipulated Exhibit #3.
7. Defendant-employer's Safety Committee Accident Investigation Report dated 15 May 1997 is admitted into evidence as Stipulated Exhibit #4.
8. Plaintiff's Responses to Defendants' Interrogatories and Defendants' Answers to Plaintiff's Interrogatories are admitted into evidence as Stipulated Exhibit #5.
9. Plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22, admitted into evidence as Stipulated Exhibit #6.
10. The issues to be determined by this hearing are whether the plaintiff sustained a compensable injury arising out of and in the course of his employment with defendant-employer on 14 May 1997; and, if so, what, if any, benefits is he entitled. Plaintiff has additionally requested attorney fees pursuant to N.C. Gen. Stat. § 97-88.1.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
 FINDINGS OF FACT
1. Plaintiff was a 34-year old male who began working with defendant-employer, a temporary service agency, on 9 December 1996. Plaintiff's first assignment from defendant-employer was the position at U.S. Cold Storage. On 14 May 1997, plaintiff was employed by defendant-employer as a dockworker at U.S. Cold Storage in Lumberton, North Carolina.
2. U.S. Cold Storage is in the business of storing frozen foods for various customers. Plaintiff's duties at U.S. Cold Storage included assisting other employees with stacking food on pallets and the pallets themselves, cleaning the washroom and sometimes washing spreaders. Spreaders are the plastic sheets, resembling flat cones, which go between the frozen produce.
3. Although plaintiff had a forklift operator's license, plaintiff's duties did not include the operation of a forklift at U.S. Cold Storage. Prior to 14 May 1997 plaintiff had been told by one of his supervisors not to use a forklift when plaintiff had used one. Nevertheless, plaintiff continued to occasionally operate a forklift while working at U.S. Cold Storage.
4. On 14 May 1997, plaintiff used a forklift to relocate spreaders from where he had washed them to a place where they could drain. Additionally, plaintiff needed to get into the washroom to clean it and the spreaders were partially blocking the entrance. Plaintiff had moved the spreaders approximately twenty-five feet and deposited the spreaders when plaintiff hit the wall while backing up. As a result of the forklift hitting the wall, plaintiff sustained serious injuries when he was pinned between the wall and the forklift.
5. As a result of plaintiff's 14 May 1997 work-related accident, plaintiff received treatment at Duke Medical Center for a fractured pelvis, severed urethra, cut bladder and internal bleeding. Plaintiff has undergone three (3) surgeries as a result of the 14 May 1997 accident.
6. Plaintiff has been unable to work or earn any wages since 14 May 1997 and continuing to the present. At the time of the close of the evidentiary record before the deputy, plaintiff had not reached maximum medical improvement.
7. Regardless of the fact that defendant-employer had told plaintiff he should not use the forklift, at the time of the accident plaintiff was performing a task for the benefit of U.S. Cold Storage and therefore his employer. This task was also in furtherance of his employer's business. Plaintiff could not finish the required duty of cleaning the washroom with the spreaders in the way. Additionally, on previous occasions when a supervisor saw plaintiff on the forklift, they would say something similar to "Willie, I don't see you" or "Better not let the plant manager see you;" and then the supervisor would turn away with the plaintiff still continuing to operate the forklift.
8. Plaintiff was never informed by defendant-employer or U.S. Cold Storage that he would be fired if he operated a forklift again once a supervisor observed plaintiff operating one. No temporary employee had been fired for violating U.S. Cold Storage's written policy of not operating a forklift.
9. Plaintiff's average weekly wage on 14 May 1997 according to the Industrial Commission Form 22 was $166.74 resulting in a compensation rate of $111.17 per week.
10. Defendants had reasonable grounds to defend this matter and were not acting out of stubborn or unfounded litigiousness.
***********
Based on the findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. On 14 May 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury, plaintiff is entitled to temporary total disability at the compensation rate of $111.17 per week from 14 May 1997 and continuing until plaintiff returns to works at the same or greater wages or further order of the Commission.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from plaintiff's compensable injury on 14 May 1997 to the extent it is reasonably necessary to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
4. Because defendants had reasonable grounds to defend this matter and were not acting out of stubborn or unfounded litigiousness, plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
 AWARD
1. Defendants shall pay to plaintiff temporary total disability at the rate of $111.17 per week from 14 May 1997 and continuing until plaintiff returns to work at the same or greater wages or further order of the Commission. Those sums which have accrued shall be payable in a lump sum and all amounts payable to plaintiff shall be subject to reasonable attorney fees, approved herein.
2. A reasonable attorney fee in the amount of twenty-five percent (25%) of the lump sums awarded plaintiff is due plaintiff's counsel and shall be deducted from the lump sums and payable directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be forwarded directly to plaintiff's counsel for attorney fees.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury for so long as such treatments are reasonably necessary to effect a cure, give relief or lessen plaintiff's disability.
4. Defendants shall pay the costs.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
DCS:nwg